BREEDLOVE & AL. vs: JOHNSTON.

East'n District
May, 1824.

2ns517
45 351

2ns517
105 750

APPEAL from the court of the third district.

MATHEWS, J. delivered the opinion of the court. This is a suit against a surety on an injunction bond, said to have been executed in conformity with the 5th section of the judiciary act of 1817. The defendant pleads specially in his answer; and states 1st, that he did not sign the bond after it had been drawn up, and consequently did not deliver it for the benefit of the plaintiffs. 2d, That the injunction to obtain which it was given, was not wrongfully or illegally obtained, &c. The cause was submitted to a jury in the court below, and exceptions were taken to opinions of the judge *a quo*, in refusing to charge the jury as requested by the plaintiff's counsel, and to the charge which he gave; a verdict was given for the defendant, and judgment thereon, from which the plaintiffs appealed.

As we are of opinion that the verdict and judgment of the court below, are well supported by the facts and law of the case, it is deemed unnecessary to examine the bills of exceptions. The situation of the cause, (perhaps) does not require an opinion, to be ex-

BREEDLOVE &
AL.
vs.
JOHNSTON.

The obligor who gives his signature in blank, is bound by the obligation which may be written above it.

No action lies on an injunction bond, where the injunction is dissolved by consent of parties.

East'n District.
*May*, 1824.

BREEDLOVE &
AL.
*vs.*
JOHNSTON.

pressed on the defendant's first plea.    It is however believed that the  manner in which he states himself to have signed the  bond, and which is also supported by  the clerk of the court, ought not to release him from  the obligation imposed by its condition.    It is clear that he left his signature  with the proper officer, for the purpose of writing  over  it an instrument such as is  exhibited  in  the present case.    He intended to be thus bound, and it is just and according to law that  he  should  be held responsible in  the manner in  which  he consented to bind himself.

The substantial merits of the  case  depend on the second plea.    The sole  question worthy of solution is, whether the injunction were " wrongfully obtained by the principal  in  the bond."

In a former case,  to be  found reported in 11 *Martin*,  291,  an opinion, *obiter*  was expressed that in a suit on a bond,  given to obtain an injunction, the only  proof  necessary to enable a plaintiff to  recover,  would be the execution of the instrument, and dissolution of the injunction.    This we  are  still  inclined to think correct, when the dissolution  is  entire, and the party who sued out  the  writ has ob-

tained by it no redress of any kind. These two circumstances are in all cases complete, *prima facia* evidence in favor of a plaintiff's claim of damages. In the present case, the evidence shews that a payment had been made by the defendant in execution, subsequent to the rendition of the judgment, which was not credited to him by the plaintiffs, but that the execution was by their attorney issued for the whole amount of the judgment. On the ground of this payment, the injunction was prayed for and obtained, and the credit was finally allowed by them, on the dissolution of said injunction. It is clear that the defendant had no controul over the manner of issuing execution, and if it issued for too much, and no credit was allowed previous to the seizure of property under it, the only mean of redress left to the defendant, was an injunction ; unless he submitted to have his property sold under execution, and afterwards sued for the amount which ought to have been credited. This delay to seek redress, he is not bound to suffer, but could fairly and legally cause proceedings to be stayed until justice was done to him. It was the fault of the plaintiffs to compel him to resort to such a measure, by not

East'n District.
*May,* 1824.

BREEDLOVE &
AL.
*vs.*
JOHNSTON.

East'n District.
*May,* 1824.

BREEDLOVE &
AL.
*vs.*
JOHNSTON.

more promptly allowing his claim to a credit. In the *via executiva,* according to the Spanish law, payment is a legal and good exception to an order of seizure, which ought to suspend proceedings until the truth can be ascertained. It is shewn by the evidence in the cause, that the result of the injunction now complained of, was the allowance of a credit to the defendant in execution ; and when a benefit of that kind is realised it cannot with propriety be said that the writ was wrongfully obtained. The dissolution was not in *toto.*

It is therefore ordered, adjudged and decreed, that the judgment of the parish court be affirmed with costs.

*Workman* for the plaintiffs, *Watts* for the defendant.